**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **PASCALINE WELISANE ITOE #A221-391-831** | **CIVIL ACTION NO. 3:26-CV-00624 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **U S IMMIGRATION & CUSTOMS ENFORCEMENT** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by pro se Petitioner Pascaline Welisane Itoe ("Itoe"), an immigration detainee at Richwood Correctional Center in Monroe, Louisiana. Respondents oppose the petition (Doc. 18). Itoe did not file a reply to the opposition.

Because Petitioner does not state a viable claim for relief, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

## I. Background

Itoe is a native and citizen of Cameroon. Itoe was taken into immigration custody on January 14, 2025. An Immigration Judge ordered Itoe removed and denied her application for asylum, withholding of removal under INA § 241(b)(3), and withholding of removal under the Convention Against Torture on September 29, 2025. Itoe appealed the Immigration Judge's decision to the Board of Immigration

Appeals ("BIA"), and she represents that the appeal remains pending. Doc. 1 at 4, 5 and 13; Doc. 1-3.

Itoe alleges that ICE has refused to release her and that her detention has continued for more than 13 months. Doc. 1 at 6. She claims that her detention violates 8 U.S.C. § 1231(a)(6) because she has been detained beyond the removal period authorized by statute and ICE is not likely to remove her in the near future. Doc. 1 at 6. Itoe further alleges that her continued detention violates the Due Process Clause of the Fifth Amendment. Id.

Itoe also complains about the conditions of her confinement. She complains about the number of detainees in her dorm and the number of toilets. Id. at 6. She also complains that she suffers from primary amenorrhea. Doc. 1-2 at 4.

As relief, Itoe seeks immediate release from ICE custody and any other relief this Court deems appropriate. Doc. 1 at 7.

## II. Law and Analysis

Rule 4 of the Rules Governing Section 2254 Cases, which may be applied to petitions filed under 28 U.S.C. § 2241, permits dismissal when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." See Rules Governing § 2254 Cases R. 1(b), 4; Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999). Although a pro se petition must be liberally construed, conclusory

allegations are insufficient to establish a constitutional violation or entitlement to habeas relief. Ross v. Estelle, 694 F.2d 1008, 1011–12 (5th Cir. 1983).

**A. § 1231 and Zadvydas Claim**

The statutory authority governing immigration detention depends upon the procedural posture of the removal proceedings. Section 1231 generally governs detention after a removal order becomes administratively final. See 8 U.S.C. § 1231(a)(1)(B). An order of removal becomes final when the BIA affirms the order or when the period for seeking BIA review expires. 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1(a), (c). The removal period ordinarily begins on "[t]he date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i).

During the 90-day removal period, detention is mandatory. See 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) authorizes continued detention of certain aliens beyond that period. In Zadvydas v. Davis, 533 U.S. 678, 689, 699 (2001), the Supreme Court construed § 1231(a)(6) to authorize detention only for the period reasonably necessary to effect removal. The Court recognized six months as a presumptively reasonable period of post-order detention. Id. at 701. Expiration of that period does not, however, entitle a detainee to automatic release. After six months, the detainee must first provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. Thereafter, the burden shifts to the Government to rebut the showing, with evidence.

Id.; Idowu v. Ridge, No. 3:03-CV-1293, 2003 WL 21805198, (N.D. Tex. Aug. 4, 2003).

Itoe's reliance on § 1231 and Zadvydas is misplaced. Although the Immigration Judge ordered her removed on September 29, 2025, her appeal remains pending before the BIA. Doc. 1-2 at 3. The removal order is therefore not administratively final; the statutory removal period has not commenced; and Petitioner is not detained pursuant to § 1231(a)(6). See 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i). Thus, the six-month period recognized in Zadvydas has not begun. Itoe’s total period of immigration detention does not constitute post-final-order detention for purposes of Zadvydas.

Moreover, even if Itoe was detained pursuant to § 1231(a)(6), she has not alleged facts satisfying her initial burden. Itoe states only that “ICE is not likely to remove me in the near future.” Doc. 1 at 6. She does not allege that Cameroon has refused to accept her, that Cameroon has declined to issue travel documents, that ICE has unsuccessfully attempted to remove her, or that any other practical impediment prevents her removal.

Accordingly, Itoe’s § 1231 claim should be dismissed without prejudice as premature.

**B. Due-Process Claims**

Itoe also alleges that her continued detention violates the Due Process Clause of the Fifth Amendment. Doc. 1 at 6. Itoe's Fifth Amendment allegations do not state an independent claim for relief. She alleges only that ICE is depriving her of liberty and that her detention has been more than 13 months. Doc. 1 at 6. She does not identify the statutory provision governing her pre-final-order detention, allege that she requested and was denied a bond or custody hearing, describe any custody-review proceedings, or request an individualized bond hearing. Instead, she expressly predicates her claim on § 1231, the six-month Zadvydas period, and the alleged unlikelihood of removal. Id. As explained above, that framework does not apply while her direct BIA appeal remains pending.

Although the Supreme Court has left open whether mandatory pre-final-order detention may become unconstitutional in a particular case, see Jennings v. Rodriguez, 583 U.S. 281, 312–14 (2018), Itoe's conclusory allegations do not present such an as-applied challenge. Accordingly, Itoe's Fifth Amendment claim should also be dismissed without prejudice.

For these reasons, Itoe is not presently entitled to habeas relief. The petition should be dismissed without prejudice to her ability to assert a properly supported challenge to her pre-final-order detention or, if her removal order later becomes final, a claim under Zadvydas.

## III. Conditions of Confinement Claims

Itoe raises claims regarding her conditions of confinement that include overcrowding and health concerns. To the extent she challenges the conditions of her confinement in this petition, these claims should be dismissed for lack of subject matter jurisdiction. "A § 2241 habeas petition is the proper procedural vehicle for challenging an action that 'directly implicates the duration of' a prisoner's confinement. Davis v. Fechtel, 150 F.3d 486, 487, 490 (5th Cir. 1998). It is not, however, the proper procedural vehicle for claims ... regarding the conditions of confinement." Boyle v. Wilson, 814 F. App'x 881, 882 (5th Cir. 2020); Spencer v. Bragg, 310 F. App'x 678, 679 (5th Cir. 2009).

Accordingly, Itoe's claims regarding the conditions of her confinement are unrelated to the cause of her detention and should be dismissed for lack of subject matter jurisdiction. Itoe may raise these claims in a separate civil rights action.

## IV. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the petition be DENIED and DISMISSED WITHOUT PREJUDICE and that the claims concerning her conditions of confinement be DISMISSED for lack of subject matter jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P.

6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Signed at Lafayette, Louisiana on this 9th day of October 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE